IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| ROSANN B. GAVIN, | ) | Civil Action No. 3:07-0924-HFF-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case is before the Court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI").

On September 2, 2007, Plaintiff filed her brief in this action. On October 30, 2007, the Commissioner filed an amended motion for entry of judgment with order of remand pursuant to sentence four of 42 U.S.C. § 405(g).[1] Plaintiff filed a response on November 1, 2007, and the Commissioner filed a reply on November 13, 2007.

## DISCUSSION

Plaintiff first argues that she opposes the motion for remand because she is entitled to an award of benefits as she has met her burden of proof and there is no substantial evidence to meet the

---

[1] In his original motion to remand, the Commissioner erroneously stated that Plaintiff consented to the terms of the Commissioner's proposed order to remand. The amended motion acknowledges that Plaintiff's counsel has not consented to the Commissioner's terms.

government's burden of showing that she is employable in the competitive economy. The Commissioner contends that remand for further proceedings, not payment of benefits, is the proper remedy because there are factual issues for the Commissioner to decide.

It is recommended that this action be remanded to the Commissioner pursuant to sentence four for further action. There are still factual issues for the Commissioner to decide such that remand is necessary.

Plaintiff argues that if this action is remanded, further directions need to be given to the Commissioner upon remand because:

> there is no reason to expect the Commissioner to correct error that he does not acknowledge. Specific direction is needed to take care of all errors in one remand and reduce the likelihood of interminable appeals. This is particularly true if the case should be reassigned to the same administrative law judge who has already gone to great lengths to deny it.

Plaintiff' Response, at 1.[2]  The Commissioner contends that the order he has proposed sufficiently addresses Plaintiff's concerns; many of the proposed portions of Plaintiff's order are redundant and

---

[2] Plaintiff argues that this action should be assigned to a different ALJ on remand "to avoid any appearance of impropriety and satisfy the plaintiff that she has received a fair adjudication from a decision-maker whose mind is not made up in advance." Plaintiff's Response at 4. ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased. This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification." Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999) (citation and internal quotation marks omitted). An ALJ should always strive to be non-confrontational and even-tempered, but, as the courts have stated "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women ... sometimes display' do not establish bias. Rather, [a plaintiff is] required to show that the ALJ's behavior, in the context of the whole case, [is] 'so extreme as to display clear inability to render fair judgment.'" Rollins v. Massanari, 261 F.3d 853 (9th Cir. 2001)(citations omitted)(quoting from Liteky v. United States, 510 U.S. 540, 551, 555-56 (1994)). But see Keith v. Massanari, 2001 WL 965106 (7th Cir., Aug. 23, 2001)[Table](case may be reversed upon record proof raising appearance of bias). Although Plaintiff disagrees with the ALJ's findings, she has pointed to nothing in the record that shows that the ALJ is unable to render a fair judgment in this case.

unnecessary; and Plaintiff's proposed order directs conclusions that would interfere with fact-finding that is the duty of the Commissioner, not the Court.

After reviewing the record, Plaintiff's brief, and the motions of the parties, the undersigned recommends that this case be remanded to the Commissioner for the ALJ to hold a <u>de novo</u> hearing and issue a new decision regarding Plaintiff's eligibility for SSI. It is recommended that upon remand, the Commissioner shall:

1. Properly consider all of Plaintiff's impairments, including her mental impairments, in determining Plaintiff's residual functional capacity.

2. Properly consider Plaintiff's credibility in accordance with the Fourth Circuit's two-prong test. <u>See</u> <u>Craig v. Chater</u>, 76 F.3d 585, 591-92 (4th Cir. 1996) and Social Security Ruling ("SSR") 96-7p.

3. Properly evaluate the opinion of Plaintiff's mental health clinician (Rhonda Baiocco) in accordance with SSR 06-03p.

4. Obtain supplemental evidence from a vocational expert in order to clarify the impact of all of Plaintiff's assessed limitations on the occupational base and to resolve any apparent conflicts between the evidence and the Dictionary of Occupational Titles pursuant to the provisions of SSR 00-4p.[3]

---

[3]Plaintiff proposes that the Court direct the Commissioner to make certain factual findings. Fact finding is the duty of the Commissioner, not the Court. <u>See</u> <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CONCLUSION

It is RECOMMENDED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set out above.

                                                Respectfully submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

August 19, 2008
Columbia, South Carolina